UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAVON JONES, No. 10118-510,

    Petitioner,

v.

WARDEN THOMAS LILLARD,

    Respondent.

Case No. 25-cv-996-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Javon Jones's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institute at Greenville, Illinois ("FCI-Greenville"), where respondent Thomas Lillard is the warden.

In April 2023, the petitioner was sentenced in the United States District Court for the Northern District of Iowa to serve 46 months on each of two counts of being a felon in possession of a firearm. *United States v. Jones*, No. 22-cr-1025-2 (N.D. Iowa). He is currently scheduled to be released from the custody of the Bureau of Prisons ("BOP") on October 14, 2025. BOP, Find an inmate, https://www.bop.gov/inmateloc/ (visited July 14, 2025).

The petitioner is challenging the BOP's decision to delay the date he will be sent to finish his sentence of incarceration in a residential reentry center ("RRC"), also known as a half-way house. The BOP ordinarily sends an inmate to such a community placement as the end of his sentence approaches to reintegrate him into the community after incarceration. *See* 18 U.S.C. § 3624(c)(1). Jones asserts that his original date for RRC placement was May 20, 2025, but that in January the BOP extended the date to September 9, 2025. He claims the BOP's alleged reasons for moving his date—lack of available half-way beds—did not prevent the BOP from placing him on home confinement, also under the purview of an RRC. *See* 18 U.S.C. § 3624(c)(2).

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

Jones's claim is not cognizable in a § 2241 proceeding. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP then has "plenary control" of placement of the inmate, subject only to statutory limits. *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). This includes the decision whether to house an inmate in a prison, in a half-way house, or on home confinement, 18 U.S.C. § 3624(c), and the Court has no jurisdiction to review that decision, 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). *Saunders*, 986 F.3d at 1078 (noting that a court lacks authority to change an inmate's place of imprisonment, although it may recommend a different placement). Jones may seek relief from the BOP by filing an administrative remedy, but the Court cannot help him.

Accordingly, the Court **DISMISSES** Jones's petition and **DIRECTS** the Clerk of Court to enter judgment accordingly.

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4).

A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  July 15, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
